IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRELL E. WEBSTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the )<br>Social Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-07-181-L |

## **O R D E R**

On August 31, 2007, Magistrate Judge Robert E. Bacharach entered his Report and Recommendation in this action brought by plaintiff for judicial review pursuant to 42 U.S.C. § 405(g) of the defendant Commissioner's final decision denying plaintiff's application for disability benefits. The Magistrate Judge recommended that the decision of the defendant Commissioner be affirmed.

The court file reflects that plaintiff timely filed his Objection to Report and Recommendation, which the court has carefully considered. Plaintiff reasserts many of the same arguments previously considered and rejected by the Magistrate Judge. Upon review of plaintiff's objections, the court finds they are insufficient to justify overturning the conclusions of the Magistrate Judge. The

Magistrate Judge properly found that the Commissioner's decision was based on substantial evidence.

In his objection, defendant maintains that the Report and Recommendation is in error in claiming that plaintiff has admitted to a "limited education" which forecloses his Step Five arguments. It is understandable that the Magistrate Judge would find that plaintiff admitted to this assessment of his educational level in light of plaintiff's statement in his opening brief that, "The ALJ properly found that Mr. Webster has a limited education." Plaintiff's Opening Brief, Doc. No. 13, p. 2. In his objection, plaintiff states that he has admitted to a *less than* limited education, and that the ALJ was required to take into full account his *less than* limited educational ability. Even assuming the significance of plaintiff's less than limited education, the court finds no error. As stated by the Magistrate Judge, plaintiff does not dispute that the jobs of "table (fabrics) worker" and "small parts (eye-dropper) assembler" required only "level one" reading and mathematics skills. The Magistrate Judge properly rejected plaintiff's citation to the Occupational Network ("O-Net") to support an alleged conflict between the Vocational Expert's testimony and the DOT job descriptions with respect to these jobs. As noted in the Report and Recommendation, p. 6, n. 8, the social security regulations require the ALJ to take notice of the DOT, however, no comparable provisions exists for taking administrative notice of the O-Net. Upon review, the court further finds that the Magistrate Judge was correct in finding that the ALJ

had the discretion to find that plaintiff had an ability to work in a cafeteria notwithstanding plaintiff's limited capacity for overhead lifting.  The court rejects plaintiff's contention that the ALJ's burden to produce and develop vocational evidence has been improperly shifted to plaintiff.  The Magistrate Judge properly found that the record provides substantial evidence to support the decision to deny plaintiff's application for disability benefits.  Thus, upon *de novo* review, the court finds that the Report and Recommendation should be and is hereby adopted in its entirety.

Accordingly, the decision of the Commissioner is **AFFIRMED.**

It is so ordered this 15th day of October, 2007.

/s/ Tim Leonard
TIM LEONARD
United States District Judge